IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OBED DAVILA, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 19-366 | |
| § | | |
| TIMEKEEPERS, INC., SHAWN § | | |
| FLUITT, AND INTEGRITY HR § | | |
| MANAGEMENT, LLC. § | | |
| § | | |
| Defendants. | | |

## PLAINTIFF OBED DAVILA'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Obed Davila files this Original Complaint and shows the following:

### Introduction

1.  Plaintiff was formerly employed by Defendant Timekeepers, Inc. (hereinafter "Timekeepers"), Defendant Shawn Fluitt, and Integrity HR Management, LLC. Defendant Timekeepers is in the business of providing gate guard services to oil and gas producers in the State of Texas. Defendant Timekeepers is owned by Defendant Shawn Fluitt. Defendant Integrity HR Management LLC is professional employment organization and was Plaintiff's W-2 employer while he worked for Defendant Timekeepers. Although Plaintiff initially served as an exempt manager, he was subsequently stripped of his management responsibilities on or about September 6, 2018. Despite this fact, Defendants continued to compensate Plaintiff on a fixed salary basis without any overtime compensation even though Plaintiff worked extensive amounts of overtime each week. Plaintiff protested to Defendant Timekeepers' General Manager, Cindy Gabeheart, that he was not being paid an overtime premium for his overtime hours. Defendants expressed

animus against Plaintiff's complaint and discharged him for a pretextual reason (alleged poor performance) shortly thereafter. Plaintiff alleges that he was actually discharged because of his protected complaint about Defendant Timekeepers' failure to pay him overtime.

### Parties

2. Plaintiff Obed Davila is a citizen of the State of Texas. He resides at 312 E. Spruill St., Dilley, Texas 78017. He may be served with papers in this case through the undersigned counsel.

3. Defendant Timekeepers is a domestic for-profit corporation organized under the laws of the State of Texas. It maintains its principal place of business at 41109, Ste. #c IH 10 West, Boerne, Texas 78006. It may be served with process through its registered agent, Shawn Fluitt, at 41109, Ste. #c IH 10 West, Boerne, Texas 78006.

4. Defendant Shawn Fluitt is a citizen of the State of Texas. He may be served with process at 41109, Ste. #c IH 10 West, Boerne, Texas 78006.

5. Defendant Integrity HR Management, LLC is a limited liability company organized under the laws of the State of Texas. Its principal place of business is located at 512 E. Blanco Rd., Ste. 300, Boerne, Texas 78006. It may be served through its registered agent, Business Filings Incorporated, at 701 Brazos Street, Ste. 720, Austin, Texas 78701.

### Jurisdiction and Venue

6. The Court possesses personal jurisdiction over Defendants because Defendant Timekeepers is organized under the laws of the State of Texas, because it maintains its principal place of business in Texas, and because it regularly conducts business in Texas. The Court possesses personal jurisdiction over Defendant Shawn Fluitt because Mr. Fluitt is a citizen of the

State of Texas. The Court possesses subject matter over this case because Plaintiff's claims arise under the Fair Labor Standards Act, a federal statute.

7.     Venue is proper in the Western District of Texas because Defendant Timekeepers maintains its principal place of business within the geographic boundaries of the San Antonio Division of the Western District. Likewise, Defendant resides and works within the San Antonio Division of the Western District.

## Statement of Facts

8.     Defendant Timekeepers provides gate guard services to the oil and gas industry in Texas. Defendant Timekeepers supplies its gate guards with generators and light kits. Defendant Integrity HR Management is a professional employer organization that contracted with Defendant Timekeepers to directly employ Defendant Timekeepers' employees. On or about July 9, 2018, Defendant Timekeepers hired Plaintiff as a manager over the Company's service department. Plaintiff was hired through Defendant Integrity HR Management and was on Defendant Integrity HR Management's payroll. Plaintiff was paid on a salary basis equal to $1,153.84 per week. Defendant Integrity HR Management has contended that Plaintiff was subject to its employment and payroll policies.

9.     On or about September 6, 2018, Defendant Timekeepers' General Manager advised Plaintiff that he would no longer be supervising the service technicians. Instead, he was to concentrate on repairing generators and light kits at the Company's yard in Cotulla, Texas. Indeed, thereafter, and continuing until Plaintiff's subsequent termination, Plaintiff did not act as a manager. He did not supervise any employees and was not involved in making any important decisions with respect to the service department or Defendant Timekeepers' business in general. His duties were limited to repairing and servicing equipment at the yard, working as a

service technician, and filling in as a gate guard. Nevertheless, Defendants continued to pay Plaintiff on a salary basis with no provision for overtime compensation for the many hours of overtime (i.e., time over 40 hours) that he worked each week.

10. Plaintiff raised the issue of overtime in or around December of 2018. Matters came to a head on January 31, 2019 when Plaintiff complained again to Defendant Timekeepers' General Manager about the Company's failure to pay him overtime compensation. The General Manager became very upset over Plaintiff's complaint, but did announce that effective the following Monday, Plaintiff would start earning overtime compensation. However, this never happened. Instead, on February 26, 2019, Plaintiff was discharged from employment, purportedly on the orders of Defendant Shawn Fluitt. Defendants' stated reason for the termination was poor performance. However, this was a pretext, and the actual reason for Plaintiff's termination was his prior complaints that the Company had failed to pay him the overtime compensation he was due.

### First Cause of Action: Unpaid Overtime (Against All Defendants)

11. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 10 supra.

12. Defendant Timekeepers is an enterprise engaged in commerce in that, at all times relevant to this lawsuit, it has annual gross revenues in excess of $500,000, and it has directly and indirectly engaged in interstate commerce. Defendant Timekeepers was also an employer of Plaintiff, and Plaintiff was an employee of Defendant Timekeepers. Likewise, Defendant Shawn Fluitt is an employer within the meaning of the FLSA and its implementing regulations because he manages Defendant Timekeepers' operations and is directly responsible for the illegal pay and employment practices complained of in this lawsuit.

13.     Defendant Integrity HR Management is likewise an enterprise engaged in commerce in that, at all times relevant to this lawsuit, it has annual gross revenues in excess of $500,000 and it directly and indirectly engaged in interstate commerce. Defendant Integrity HR Management was the direct employer of Plaintiff in that Plaintiff was paid by Defendant Integrity HR Management and was supposedly subject to Defendant Integrity HR Management's employment and pay policies. Defendant Integrity HR Management had a duty to ensure that Plaintiff was being paid in accordance with the Fair Labor Standards Act, and as Plaintiff's employer, is liable for wage and hour violations committed against Plaintiff.

14.     Although Plaintiff was initially employed as a manager over Defendant Timekeepers' service technicians, Defendants removed his management responsibilities effective September 6, 2018. Thereafter, Plaintiff's duties were repairing generators, doing service technician work, and working as a fill-in gate guard. Despite this fact, Defendants continued to compensate Plaintiff on a salary basis with no overtime compensation even though Plaintiff worked extensive amounts of overtime each workweek. This remained the case until Plaintiff was unlawfully discharged from employment on or about February 26, 2019.

15.     Defendants violated the overtime provisions of the FLSA by failing to pay Plaintiff, who was a non-exempt employee, his overtime premium (i.e., one-and-half times his regular rate) for hours worked over forty each week. Plaintiff further alleges that Defendants lacked any objective good faith basis for failing to pay the overtime premium. Indeed, Plaintiff even complained about Defendants' failure to pay him the overtime premium to no avail. As a result, Plaintiff is entitled to an award of liquidated damages above and beyond the overtime wages he is owed. Likewise, because Plaintiff has had to retain legal counsel to vindicate his rights under the FLSA, Plaintiff is entitled to an award of attorney fees.

## Second Cause of Action: Retaliatory Discharge in Violation of the FLSA (against Defendants Timekeepers and Fluitt)

16.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 15 supra.

17.     Plaintiff was discharge from employment on February 26, purportedly upon the orders of Defendant Timekeepers' owner, Shawn Fluitt. Defendants asserted that Plaintiff was fired for performance deficiencies. However, Plaintiff denies any performance deficiencies and contends that this was merely a pretext for unlawful retaliation because Plaintiff had recently complained that he was not being paid an overtime premium for hours worked over forty each week.

18.     As a result of this unlawful retaliatory discharge, Plaintiff has suffered, and will continue to suffer, lost wages and benefits. Plaintiff also seeks liquidated damages because Defendants cannot establish that they acted in objective good faith. Additionally, the retaliatory discharge has caused Plaintiff substantial emotional distress, mental anguish, humiliation, damage to reputation, and loss of enjoyment of life. He seeks damages for these injuries.

## Jury Demand

19.     Plaintiff demands a trial by jury.

## Conclusion and Prayer

20.     Plaintiff prays that, upon final judgment, he be awarded the following:

    a.     Unpaid overtime compensation;

    b.     Liquidated damages;

    c.     Lost wages (retaliatory discharge claim);

    d.     Compensatory damages for emotional distress, mental anguish, humiliation, damage to reputation, and loss of enjoyment of life;

    e.     Attorney Fees;

f.  Costs of court; and

g.  All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
OBED DAVILA